**No. 23-3227**
**Cross Appeal Case No. 23-3390**
**No. 24-159**

*In the*
**UNITED STATES COURT OF APPEALS**
*for the*
**NINTH CIRCUIT**

WEALTHY, INC. AND DALE BUCZKOWSKI,

*Plaintiffs-Appellants,*

v.

SPENCER CORNELIA, CORNELIA MEDIA LLC, AND
CORNELIA EDUCATION LLC,

*Defendants-Appellees.*

On Appeal from the
United States District Court for the District of Nevada
No. 2:21-cv-01773-JCM-EJY, consolidated with
No. 2:22-cv-00740-JCM-EJY
Honorable James C. Mahan, United States District Judge

**APPELLEES' MOTION TO SEAL**

Marc J. Randazza
Alex J. Shepard
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118
Tel: 702-420-2001
ecf@randazza.com
Attorneys for Appellees

i

Appellees Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC respectfully request that the Court issue an order permitting Appellees to file under seal Volume 5 of the Supplemental Excerpts of Record accompanying Appellees' Principal and Response Brief in this cross-appeal.

Pursuant to Circuit Rule 27-13, this Court will permit documents to be filed under seal if justified by a motion to seal. Circuit Rule 27-13(a). To justify sealing records, a party must provide a compelling reason. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Some examples include "when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 1097.

In the proceedings below, after a protective order was entered (ECF No. 30), three depositions took place where Appellants designated portions of the witness's testimony as confidential or highly confidential – attorneys' eyes only. These were the depositions of (1) Appellant Wealthy Inc.'s corporate representative under Fed. R. Civ. P. 30(b)(6); (2)

1

Appellant Dale Buczkowski's second deposition; and (3) Appellants' damages expert, Ian K. McDonough.

While Appellees did not challenge the designation of portions of these deposition transcripts as confidential or highly confidential, Appellees do not believe that they may properly be filed under seal. The portions of the transcripts filed on the record below were filed in connection with dispositive motions, and so Appellees must show "compelling reasons" to justify sealing them. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). A court may only seal a judicial record under this standard when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). It must then "conscientiously balance[] the compelling interests of the public and the party who seeks to keep certain judicial records secret." *Id.*

Presumably, Appellants will take the position that these transcripts contain testimony that, if made publicly available, would harm their business interests, or that they contain confidential trade-

secret information. Appellees disagree, but they seek to file these documents under seal due to the provisions of the protective order below.

It should also be noted that these transcripts were filed under seal at the District Court (ECF Nos. 163-1, 163-2, and 163-3), and the District Court granted Appellees' motion to seal there (ECF No. 166). A district court's decision to seal a document is not, however, binding on this Court. Even when a document was filed in the district court under seal or pursuant to a protective order, the party seeking to file something under seal must still satisfy the "compelling reasons" standard. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). While the District Court allowed these transcript excerpts to be sealed, it made no finding that the "compelling reasons" standard was met. *See In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig. V. Allianz Life Ins. Co. of N. Am.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (finding that district court "assert[ing] without elaboration that there were also 'compelling reasons' to keep the judicial records sealed" was "plainly inadequate"). Indeed, Appellees' motion to seal these documents in the District Court rested solely on the argument that they had been

3

designated confidential or highly confidential under a stipulated protective order. ECF No. 164.

There is a strong presumption of public access to judicial documents. While Appellees are compelled to seek to seal the above-referenced deposition transcripts, they do not believe there are compelling reasons to do so that rebut this presumption.

Date: April 22, 2024.

RANDAZZA LEGAL GROUP, PLLC

/s/ Alex J. Shepard
Marc J. Randazza
Alex J. Shepard
RANDAZZA LEGAL GROUP, PLLC

*Attorneys for Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

Participants in the case who are registered ACMS users will be served by the appellate ACMS system and via electronic mail to the following:

Tammy Peterson
tpeterson@petersonbaker.com

Jeff B. Vockrodt
jvockrodt@cm.law

Date: April 22, 2024.            RANDAZZA LEGAL GROUP, PLLC

/s/ Alex J. Shepard
Marc J. Randazza
Alex J. Shepard
RANDAZZA LEGAL GROUP, PLLC

*Attorneys for Appellees*

5