No. 23-3227
Cross Appeal Case No. 23-3390
No. 24-159

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

WEALTHY, INC. and DALE BUCZKOWSKI,
*Plaintiffs- Appellants,*
v.
SPENCER CORNELIA, CORNELIA MEDIA LLC, and
CORNELIA EDUCATION LLC,
*Defendants- Appellees,*
and
JOHN MULVEHILL; et al.,
*Defendants.*

---

On Appeal from the United States District Court
for the District of Nevada
No. 2:21-cv-01173-JCM-EJY, consolidated with
No. 2:22-cv-00740-JCM-EJY
Honorable James C. Mahan, United States District Judge

---

**APPELLANTS' RESPONSE TO PETITION FOR PANEL
AND EN BANC REHEARING**

---

TAMARA BEATTY PETERSON
tpeterson@petersonbaker.com
NIKKI L. BAKER
nbaker@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone:  702.786.1001

JEFFREY VOCKRODT
jvockrodt@cm.law
CM LAW
13101 Preston Road
Suite 110-1510
Dallas, TX 75240
Telephone: 202.615.9886

*Attorneys for Appellants Wealthy Inc. and Dale Buczkowski*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................. iii

I. INTRODUCTION ........................................................ 1

II. ARGUMENT ................................................................ 3

    A. Appellees Fail to Establish Any of the FRAP 40 Requirements for Rehearing or Rehearing En Banc ................. 3

        1) Appellees do not address the district court's denial of their Anti-SLAPP motion .................................................. 3

        2) Appellees' arguments on mootness do not warrant rehearing or rehearing en banc. .......................................... 4

        3) The Panel should not disturb the district court's findings on the Anti-SLAPP motion .................................. 9

    B. This Court May Affirm the District Court's Decision on the Anti-SLAPP Motion on Any Ground Supported by the Record .............................................................................. 13

        1) The fee shifting provisions in Anti-SLAPP statutes conflict with those of the Lanham Act and are therefore inapplicable here .............................................. 13

        2) The district court erred in finding that the Cornelia Defendants' speech was "directly connected to an issue of public concern or interest" ................................... 18

        3) The finding of limited purpose public figure status would constitute an independent basis to affirm the denial of the anti-SLAPP motion ..................................... 19

III. CONCLUSION ............................................................. 20

Form 11. Certificate of Compliance for Petitions for Rehearing/Responses ............................................................. 21

CERTIFICATE OF SERVICE ........................................................ 22

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Knox*, 300 F.2d 296 (9th Cir. 1962) ......................................10

*Armster v. United States Dist. Ct. for Cent. Dist. of Cal.*, 806 F.2d 1347 (9th Cir. 1986) ...............................................................................10

*Clark County v. 6635 W. Oquendo LLC*, 544 P.3d 900 (Nev. 2024) ....... 6

*Coker v. Sassone,* 432 P.3d 746 (Nev. 2019) ........................................... 6

*Cromer v. Wilson*, 225 P.3d 788 (Nev. 2010) ......................................... 3

*Delucchi v. Songer*, 396 P.3d 826 (Nev.    ) ............................................ 8

*Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir. 2010).......................18

*Horne v. Polk*, 810 Fed. Appx. 591 (9th Cir. 2020) ................................. 9

*Hubbard. v. SoBreck, LLC*, 554 F.3d 742 (9th Cir. 2008)......................15

*Hughes v. Rowe*, 449 U.S. 5 (1980) .......................................................15

*Johnson v. Barr*, 79 F.4th 996 (9th Cir. 2023) .......................................13

*Kilty v. Weyerhaeuser Company*, 758 Fed. Appx. 530 (7th Cir. 2019) ...... 9

*Knox v. Serv. Emps. Int'l Union, Loc. 100*, 567 U.S. 298 (2012) ..........4, 5

*Lubin v. Kunin*, 17 P.3d 422 (Nev. 2001) ..............................................13

*New York Times v. Sullivan*, 376 U.S. 254 (1964)................................10

*Padda v. Hendrick*, 461 P.3d 160, 2020 WL 1903191 (Nev. April 16, 2020)........................................................................................3, 4, 6, 7

*Panik v. TMM Inc.*, 538 P.3d 1149 (Nev. 2023) ..................................... 8

*Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir. 2018) ...............................................................6, 7

*Rivero v. American Federation of State, County, and Municipal Employees, AFL-CIO*, 130 Cal. Rptr.2d 81 (Cal. Ct. App. 2003) ............18

*Rosen v. Tarkanian,* 453 P.3d 1220 (Nev. 2019)....................................11

*South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 2008 U.S. Dist. LEXIS 85764 (D. Mass. Sept. 30, 2008).................................................................................................15

*Stubbs v. Strickland*, 297 P.3d 326 (Nev. 2013) ..................................... 3

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999) ...................................................................14

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ..........5, 6, 7

*Wild Wilderness v. Allen*, 871 F.3d 719 (9th Cir. 2017)........................... 8

*World Financial Group, Inc. v. HBW Ins. & Financial Services, Inc.*, 92 Cal. Rptr. 3d 227 (Cal. Ct. App. 2009) ......................................18

## STATUTES

15 U.S.C. § 1117(a) ...........................................................................13, 16

42 U.S.C. § 3613.......................................................................................15

NRS §41.660.......................................................................................11, 20

NRS §41.670.....................................................................................passim

## RULES

Fed. R. App. P. 40 ..................................................................................4, 10

Fed. R. Civ. P. 12 ...................................................................................... 5

Fed. R. Civ. P. 56 ...................................................................................... 5

## I.   INTRODUCTION

The petition for rehearing and rehearing en banc fails to identify any compelling point of law that the panel has overlooked.  The petition further fails to identify any compelling conflict with decisions of this Circuit or the United States Supreme Court, or new questions of exceptional importance.  As a result, it should be denied.

Having failed to satisfy the affirmative good-faith requirement of NRS §41.670 (the "Nevada Anti-SLAPP Statute") in the district court, the Cornelia Defendants[1] (or "Appellees") now seize on the Panel's characterization of the Anti-SLAPP appeal as moot in an effort to claim error. Their argument overlooks a critical point: the district court made specific, independent findings under the statute's first prong that went beyond its summary judgment ruling on defamation. Further, because the Panel affirmed the district court's grant of summary judgment on all claims asserted against the Cornelia Defendants, the appeal of Anti-SLAPP immunity is moot.  Since the Nevada Anti-SLAPP law requires the granting of an Anti-SLAPP motion prior to any entitlement to fees,

---

[1] The capitalized terms herein have the same definition as described in Appellants' Opening Brief filed on February 24, 2024 (Dkt. 16.1).

the Cornelia Defendants cannot be entitled to attorney's fees under the Nevada Anti-SLAPP law. The Panel did not, because it could not, overlook an entitlement to attorney fees.

Nonetheless, even if the Cornelia Defendants could have demonstrated reversible error in the district court's conclusion that they failed to satisfy prong one of the Nevada Anti-SLAPP Statute, this Court may affirm the anti-SLAPP ruling on any ground supported by the record. Three independent grounds compel affirmance of the denial of attorney fees under the Nevada Anti-SLAPP Statute. First, fee-shifting provisions in state Anti-SLAPP statutes irreconcilably conflict with the Lanham Act's discretionary fee-shifting scheme and are therefore inapplicable in this case. Second, this court may affirm because the district court erred in finding that the Cornelia Defendants' speech was "directly connected to an issue of public concern or interest." Finally, the district court's grant of summary judgment on defamation was erroneous because Plaintiffs were not limited-purpose public figures, as explained in Appellants' Petition for Panel Rehearing.

2

## II. ARGUMENT

### A. Appellees Fail to Establish Any of the FRAP 40 Requirements for Rehearing or Rehearing En Banc

#### 1) *Appellees do not address the district court's denial of their Anti-SLAPP motion*

The Cornelia Defendants assert that the anti-SLAPP law "entitles the movant to a mandatory award of attorneys' fees for the entire action", as well as relief beyond that asserted entitlement, and that the Panel overlooked this issue. *Appellees' Petition for Panel and En Banc Rehearing (Dkt. 72.1)* ("Pet.") at 2. However, under Nevada law, attorney's fees and costs may only be granted if the Anti-SLAPP motion is granted. *Padda v. Hendrick*, 461 P.3d 160, 2020 WL 1903191 at *2 (Nev. April 16, 2020) (unpublished). The Nevada Supreme Court strictly interprets NRS §41.670. *Stubbs v. Strickland*, 297 P.3d 326, 329 (Nev. 2013) ("[t]he plain language of NRS 41.670 clearly conditions a defendant's ability to bring a separate action for damages and attorney fees in response to a SLAPP suit on the district court's grant of a special motion to dismiss"). This is in accordance with the oft-stated rule that "[w]hen a statute is clear and unambiguous, [courts] give effect to the plain and ordinary meaning of the words". *Cromer v. Wilson*, 225 P.3d 788, 790 (Nev. 2010). Pursuant to the plain and ordinary language of

3

NRS §41.670, fees are only awarded "[i]f the court grants a special motion to dismiss filed pursuant to NRS 41.660."  NRS §41.670;  *see Padda*, 61 P.3d 160, 2020 WL 1903191 at *2.

The district court *denied* the anti-SLAPP motion. 1-ER-012 ("Defendants thus fail to meet their requisite burden in satisfying the first prong of Nevada's anti-SLAPP statute, and the court must deny their special motion to dismiss").  The Panel's Memorandum decision did not reverse the district court's decision in denying the anti-SLAPP motion.  *Memorandum (Dkt. 69.1)* ("Decision"), at 9.  As a result, there was nothing for the Panel to "overlook" as to any asserted argument regarding an award of attorneys' fees due to the Cornelia Defendants, because there is no basis for attorney's fees or other Anti-SLAPP relief. The Court should deny the petition for rehearing.

### 2)  *Appellees' arguments on mootness do not warrant rehearing or rehearing en banc.*

The Cornelia Defendants assert that the Panel's finding that the cross-appeal should be dismissed as moot conflicts with decisions of the United States Supreme Court.  Petition at 2;  *see* Fed. R. App. P. 40(b)(2)(b).  In support of this assertion, the Cornelia Defendants cite to the case of *Knox v. Serv. Emps. Int'l Union, Loc. 100*, 567 U.S. 298 (2012).

The *Knox* decision, however, stands for the proposition that a party's voluntary cessation of challenged conduct does not render a case moot, because the conduct could be resumed as soon as the case is dismissed. *Knox v. Service Employees Int'l Union*, 567 U.S. 298, 307 (2012) (SEIU's actions in seeking to negate the relief requested by offering a full refund to all class members did not moot the underlying issue because the union's challenged conduct could be resumed following dismissal). The Panel's decision as to the denial of the cross-appeal does not conflict with *Knox*. The Panel affirmed summary judgment in favor of the Cornelia Defendants; there was no conduct on the part of Appellants that voluntarily ceased while the appeal was pending and could be resumed. *Cf. Knox*, 567 U.S. 298.

Next, the Cornelia Defendants assert that the Panel's dismissal of the cross-appeal conflicts with other decisions of this Circuit. Specifically, the Cornelia Defendants assert that "a prevailing Anti-SLAPP movant is entitled to relief beyond a party who simply obtains dismissal pursuant to Fed. R. Civ. P. 12 or 56." *See* Pet. at 5 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) and *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir.

5

2018)). This is an overstatement of the two cases, however. The *Vess* case involved the dismissal of Vess's complaint against defendants, and not summary judgment. *Vess*, 317 F.3d at 1102. The Planned Parenthood case involved the denial of a 12(b)(6) motion and an anti-SLAPP motion, and affirmed the denial of the Anti-SLAPP motion. *Planned Parenthood*, 890 F.3d at 831. Neither involved Rule 56 procedure or analysis.

Additionally, both *Vess* and *Planned Parenthood* case considered and addressed the California Anti-SLAPP law, and not Nevada's. While the Nevada Supreme Court has recognized similarities between the two statutes, *see Coker v. Sassone,* 432 P.3d 746 (Nev. 2019), the Nevada Supreme Court has also declined to follow California law on all aspects of anti-SLAPP. *See, e.g., Clark County v. 6635 W. Oquendo LLC*, 544 P.3d 900, 903 n.3 (Nev. 2024) (recognizing that California's anti-SLAPP statute affords protection to governmental entities but declining to construe Nevada's anti-SLAPP statute in the same way). In *Padda v. Hendrick,* the Nevada Supreme Court differentiated fee entitlements under Nevada's Anti-SLAPP statute law from California's Anti-SLAPP statute. *Padda,* 461 P.3d 160, 2020 WL 1903191 at *2. The Nevada

6

Supreme Court noted that "[u]nlike Nevada's [anti-SLAPP statute], California's statute does not require that an anti-SLAPP motion be granted before the defendant can be awarded attorney fees. Rather, a defendant is entitled to attorney fees if he or she *would have been* the 'prevailing' party on the anti-SLAPP motion . . . ." *Padda*, 461 P.3d 160, 2020 WL 1903191 at *2. The Nevada Supreme Court concluded that there were "clear differences" between the two states' statutory language regarding attorney's fees, and that "California's interpretation of its statutory attorney-fees provision has no bearing on Nevada's." *Padda*, 461 P.3d 160, 2020 WL 1903191 at *2.

In other words, neither *Vess* nor *Planned Parenthood* stand for the proposition that a defendant who prevails on summary judgment is entitled to attorney fees for a denied special motion to dismiss under Nevada law. While *Vess* and *Planned Parenthood* may support a substantive fee-shifting law as to California's statute, they do not support the same as to Nevada. There is no inherent conflict between the Panel's decision and the cases cited by the Cornelia Defendants interpreting California's anti-SLAPP statute.

The Cornelia Defendants finally refer to one case from this Circuit

that stands for the unremarkable proposition that a case is not moot "where any effective relief may be granted". *Wild Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017); *see* Pet. at 4 . This Court in *Wild Wilderness* considered whether the completion of the Kapka Sno-Park rendered the case moot but reasoned that there were "several remedies that remain available" including a new NEPA analysis, injunctive relief requiring the closure of the park, or a full environmental impact statement. *Wild Wilderness*, 871 F.3d at 725.

Unlike the NEPA claims at issue in *Wild Wilderness* that still provide available remedies despite the completion of the park, the Cornelia Defendants seek relief pursuant to the Nevada anti-SLAPP statutes. However, the Nevada Supreme Court explains that "Nevada's anti-SLAPP statutes provide *immunity* from any civil action for claims based upon a person's protected good faith communications." *Panik v. TMM Inc.*, 538 P.3d 1149, 1153 (Nev. 2023) (emphasis added); *see also Delucchi v. Songer*, 396 P.3d 826, 830 n.3 (Nev. 2017) (Anti-SLAPP statutes provide for "immediate appeal from denial of a special motion to dismiss a SLAPP suit"). This Court's decision in *Wild Wilderness* case hardly stands for the proposition that when a litigant prevails on the

8

merits, that a subsequent declaration of immunity is additional relief that may be granted. Nor do the Cornelia Defendants explain how a declaration of immunity constitutes effective or available relief when they have prevailed on the appeal of the granting of their summary judgment motion. That failure is fatal. Indeed, other courts have determined that success on the merits at summary judgment moots an interlocutory appeal of immunity.[2] *Kilty v. Weyerhaeuser Company*, 758 Fed. Appx. 530 (7th Cir. 2019) (unpublished); *see also Horne v. Polk*, 810 Fed. Appx. 591 (9th Cir. 2020) (unpublished). As a result, rehearing and rehearing en banc should be denied.

### 3) The Panel should not disturb the district court's findings on the Anti-SLAPP motion

This Court has made clear that a petition for rehearing is not a proper vehicle for a party "to study and reargue his case anew." *Anderson*

---

[2] This Court has reasoned that it may consider the issue of mootness *sua sponte*, "because, if events change such that the appellate court can no longer grant any effectual relief whatever to the prevailing party, any resulting opinion would be merely advisory, and the court would lack subject matter jurisdiction." *United States v. Sprint Communications*, 855 F.3d 985, 989 (9th Cir. 2017) (citing *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016)). The Cornelia Defendants are, in effect, seeking an advisory opinion regarding their Anti-SLAPP motion to dismiss that was denied by the district court.

*v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962) (per curiam). "A properly drawn petition for rehearing serves a very limited purpose. . . The petition must state the points of law or fact" that the petitioner believes the court has overlooked or misapprehended. *Armster v. United States Dist. Ct. for Cent. Dist. of Cal.*, 806 F.2d 1347, 1356-57 (9th Cir. 1986) (internal quotations omitted).

The Cornelia Defendants, however, are effectively seeking to re-argue the case as it pertains to their Anti-SLAPP motion. *See* Pet. at 4 (seeking additional relief beyond what summary judgment affords "if the denial of the Anti-SLAPP motion were reversed"). The Panel should not disturb the district court's findings as to the denial of the anti-SLAPP motion.[3]

When a defamation claim fails for lack of actual malice under *New York Times v. Sullivan*, 376 U.S. 254 (1964), the Nevada statute

---

[3] The Advisory Committee Note to the 2024 amendments to Fed. R. App. P. 40 do allow the Panel to amend its decision. The Panel may consider modifying its Decision to clarify that it is not denying the cross-appeal based upon mootness, but instead finds no error in the district court's decision denying the anti-SLAPP motion. *See* Fed. R. App. P. 40, Advisory Committee's Note (2024) (noting that a panel is free to amend its decision).

regarding anti-SLAPP has a two-pronged analysis that does not move in tandem with such a finding. In other words, the Nevada Anti-SLAPP statute has an affirmative good faith requirement that is not dependent upon a defamation claim failing for lack of actual malice. NRS §41.660(3)(a). To the extent that the Cornelia Defendants are asserting that the Panel's decision confirmed that Appellants "brought a fatally weak defamation claim", *see* Pet. at 11, there is still no inherent conflict with the Panel's Decision and the Nevada Anti-SLAPP.

The district court found that the Cornelia Defendants did not meet the first prong of the anti-SLAPP analysis, that their claim was based on a good faith communication. As a result, the district court denied the special motion to dismiss. 1-ER-012. This finding should not be disturbed by the panel on rehearing or rehearing en banc. The district court relied upon *Rosen v. Tarkanian*, 453 P.3d 1220 (Nev. 2019), and required the Cornelia Defendants to demonstrate that the "statements were made in good faith . . . . because the gist or sting of the statements were substantively true." 1-ER-012 (citing *Rosen*, 453 P.3d at 440). The district court properly found that Cornelia did not prove the statements were true. 1-ER-012.

11

In their Second Brief, the Cornelia Defendants asserted that the *Rosen* standard was "not the only way" that a defendant may show good faith, and that Defendants may show that a statement was made without actual knowledge of falsity. Appellees' Principal and Response Brief (Dkt. 23.1) ("Second Brief"), at 80-81. But while it is true that statements of opinion may qualify as "good faith", the statements in the Two Videos do not qualify as "opinion" because Cornelia's statements implied the existence of factual information and actually denied that they were opinion. 3-SER-571 ("every claim in this video is from information given to John from anonymous sources"); 3-SER-583 (vouching for Mulvehill) ("He gets the emails all the time of all the kids whose lives have been ruined. So he sees it firsthand. So when he speaks on this, he's speaking from many students reaching out"); 3-SER-614 ("And you just sent me . . . you sent me one from a student. So you're hearing the reviews in person, so this isn't an opinion"). Plaintiffs identified specific statements of fact that Mr. Buczkowski lied about his education and was involved in money laundering and a drug operation; none of the statements qualify as opinion. If there is any ambiguity in the statements about whether or not they qualify as opinion, that ambiguity is to be decided by a jury.

12

*Lubin v. Kunin*, 17 P.3d 422, 426 (Nev. 2001); *see also*, Appellants' Response and Reply Brief (Dkt. 39.1) ("Third Brief"), Section V(c)(2). None of these principles warrants disturbing the district court's findings on the anti-SLAPP motion.

### B. This Court May Affirm the District Court's Decision on the Anti-SLAPP Motion on Any Ground Supported by the Record

Further, it is axiomatic that this Court may affirm the district court's decision "on any ground supported by the record even if not explicitly relied upon by the district court." *Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023).

### 1) *The fee shifting provisions in Anti-SLAPP statutes conflict with those of the Lanham Act and are therefore inapplicable here*

The Lanham Act provides a fee shifting provision that grants a district judge discretion to award "reasonable attorney fees to the prevailing party" but only in "exceptional cases." 15 U.S.C. § 1117(a). The Cornelia Defendants filed a motion to recover fees under this provision. [ECF 251]. The district court denied their motion without prejudice to refiling after the conclusion of this appeal. [ECF 280]. Despite their efforts to obtain attorney fees under the Lanham Act, the Cornelia Defendants also seek to recover their fees under the Nevada Anti-SLAPP

law. NRS §41.670. As noted above, the district court denied the special motion to dismiss, thereby precluding any entitlement to fees. However, if the special motion to dismiss were granted, the fee-shifting provision in the Lanham Act alone controls fee awards for this case.

In *Gopher Media LLC v. Melone*, this Court sitting *en banc* reaffirmed the principle that state (California) anti-SLAPP provisions apply in federal court based on the principles set forth in *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938). 154 F.4th 696, 699 n. 2 (9th Cir. 2025) (en banc) (citing *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999)). The concurring opinions reveal a circuit split over whether state law anti-SLAPP provisions can ever apply in federal court. Much of the disagreement centers on whether the fee-shifting provisions in state anti-SLAPP statutes — where they exist — "create[] a substantive right" that should apply in the federal case under the *Erie* doctrine "if no federal rule answers the question in dispute." *See Gopher Media*, 154 F.4th at 706 (Bennett, J., concurring) ("[T]he 'question in dispute,' ... is whether defendants may obtain attorneys' fees for the pretrial dismissal of a meritless suit. No federal rule answers that question."). But here, the

14

Lanham Act's fee shifting provision answers the question of whether attorneys' fees are available even if state fee-shifting provisions also exist.

In *South Middlesex Opportunity Council, Inc. v. Town of Framingham*, the court held that the discretionary fee shifting provisions associated with the asserted federal causes of action were in direct conflict with the mandatory fee shifting in the Massachusetts Anti-SLAPP statute. 2008 U.S. Dist. LEXIS 85764 at *26–27 (D. Mass. Sept. 30, 2008) (citing 42 U.S.C. § 3613(c)(2) (FHA violation) and *Hughes v. Rowe*, 449 U.S. 5, 14, (1980) (per curiam) (§1983 claims). The Ninth Circuit has previously held that differing standards for fee-shifting led to pre-emption in other contexts. *Hubbard. v. SoBreck, LLC*, 554 F.3d 742, 745 (9th Cir. 2008) ("As federal law does not allow the grant of fees to defendants for non-frivolous ADA actions, we must conclude that preemption principles preclude the imposition of fees on a plaintiff for bringing nonfrivolous claims under state law that parallel claims also filed pursuant to the federal law.")

The Nevada Anti-SLAPP statute provides a much more rigorous fee allowance scheme than the discretionary scheme provided under the

15

Lanham Act. *See* NRS §41.670 ("If the court grants a special motion to dismiss filed . . . (itemizing allowance)") The Lanham Act provides "[t]he court in *exceptional* cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. §1117(a) (emphasis added). The Supreme Court in discussing the "exceptional case" standard noted that the text of the statute "imposes one and only one constraint on district courts' discretion to award attorney's fees ... The power is reserved for 'exceptional' cases." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014). This conflicts with any state Anti-SLAPP standard where attorney fees and costs are awarded to the prevailing party; and conflicts with the Nevada Anti-SLAPP statute that mandates fees only when a motion is granted.

The parties agree that the attorney fees for the Lanham Act portion of the case and the fees for the Anti-SLAPP portions of the case cannot be separated from each other. As noted by the Cornelia Defendants in their Lanham Act fee motion:

> There is no question that Plaintiffs' state-law claims all shared a common core of facts with Plaintiff's [sic] Lanham Act claims. All claims were premised on the exact same statements, and Plaintiffs' Lanham Act claims were premised upon the alleged falsity of those statements. Moreover, no discovery or motion practice was specifically attributable to

16

> Plaintiffs' Lanham Act claims. All discovery into the falsity of the statements and both Plaintiffs' and Defendants' respective businesses was equally relevant to the Lanham Act claims, the state law claims, and Plaintiffs' alleged damages.

ECF 251 at 11. Indeed, the Cornelia Defendants asserted that 629.8 hours of the 668.1 hours spent in the case were "Lanham Act Hours." *Id.*

Finally, allowing the Lanham Act fee shifting provisions to control will not lead putative plaintiffs to assert a false advertising claim in every case where defamation occurs, as the Cornelia Defendants appear to suggest. Plaintiffs asserted that Cornelia's House Hack e-book was being offered for sale on the same platform as the videos where the false and misleading statements were made, and that Cornelia's real estate product competed with Plaintiffs' own real estate products which were mentioned in the videos. Opening Brief (Dkt. 16.1), at 8 (and excerpts cited therein). Although the court found that the Lanham Act claim failed against Cornelia because the videos did not specifically mention Cornelias product, it was Cornelia's product offering that provided a good faith basis to bring the Lanham Act claim. This set of facts is not present in the vast majority of diversity cases where state law defamation claims are asserted.

Because the fee shifting provisions of the Lanham Act directly

17

conflict with state law anti-SLAPP fee award provisions and the fees and costs cannot be separated in a way that would allow these provisions to co-exist, this court must affirm the district court. The Nevada Anti-SLAPP fee award provisions are inapplicable in this case.

### 2) The district court erred in finding that the Cornelia Defendants' speech was "directly connected to an issue of public concern or interest"

The district court erroneously found that the Cornelia Defendants' speech was "directly connected to an issue of public concern or interest". 1-ER-011. But as Appellants asserted in their Third Brief, the Cornelia Defendants did not and cannot identify anything other than a "broad and amorphous public interest". *See* Third Brief, Section V(H)(1), and *Hilton v. Hallmark Cards*, 599 F.3d 894, 908 (9th Cir. 2010). The Cornelia Defendants' asserted public interest as to whether someone is an "unethical scammer" would always constitute a matter of public interest, and thus it is not sufficient. *See, e.g. Rivero v. American Federation of State, County, and Municipal Employees, AFL-CIO*, 130 Cal. Rptr.2d 81 (Cal. Ct. App. 2003); *World Financial Group, Inc. v. HBW Ins. & Financial Services, Inc.*, 92 Cal. Rptr. 3d 227 (Cal. Ct. App. 2009).

The district court erred in its finding that the speech was "directly

18

connected to an issue of public concern or interest" because the multiple damaging statements they published have no link whatsoever to their stated public interest. There is no degree of closeness to publishing statements that insinuate that Plaintiff Buczkowski "must have been running a drug operation" or was linked to the death of a woman who was connected to the crimes for which Mr. Mulvehill was arrested, and the asserted public interest of whether Plaintiffs are "unethical scammers". *See* Third Brief, at 55.

> ### 3) *The finding of limited purpose public figure status would constitute an independent basis to affirm the denial of the anti-SLAPP motion*

Appellants have filed a petition for rehearing on the issue of the panel's finding regarding limited purpose public figure status. *See* Appellants' Petition for Panel Rehearing (Dkt. 76.1). Should the Panel decide to rehear the Decision as it relates to the finding of limited purpose public figure status, and should the Panel reverse the district court's finding of such status, then the Panel should reverse the district court's grant of summary judgment in the Cornelia Defendants' favor on the defamation claims, since no actual malice was required. This conclusion would also demand affirmance of the district court's denial of the Anti-

19

SLAPP motion, since Defendants would not be able to meet the second prong of the analysis. NRS §41.660(3)(b).

## III.  CONCLUSION

For the foregoing reasons, the Court should deny the petition for rehearing and deny the petition for rehearing en banc.

Dated this 30th day of January, 2026.

> By: /s/ Tamara Beatty Peterson
> TAMARA BEATTY PETERSON (Bar No. 5218)
> PETERSON BAKER, PLLC
> 701 S. 7th Street
> Las Vegas, NV 89101
> Telephone:  702.786.1001

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

**9th Cir. Case Number:** 23-3227; 23-3390; 24-159

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached Petition

for Panel Rehearing/Petition for Rehearing En Banc/Response to Petition

is (select one):

☒ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words: 3980.**

**OR**

☐ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Date: January 30, 2026.**


**Signature: s/ Tamara Beatty Peterson**
*(use "*s/[typed name]*" to sign electronically filed documents)*

21

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing APPELLANTS' RESPONSE TO PETITION FOR PANEL AND EN BANC REHEARING with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 30, 2026.

I further certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

 /s/   Julia L. Melnar
 on behalf of Peterson Baker, PLLC