UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEALTHY, INC.; DALE BUCZKOWSKI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JOHN MULVEHILL; JOHN ANTHONY LIFESTYLE, LLC, <br><br> Defendants-Appellees, <br><br> and <br><br> SPENCER CORNELIA; CORNELIA MEDIA, LLC; CORNELIA EDUCATION, LLC; OPTIMIZED LIFESTYLE, LLC, <br><br> Defendants. | No.  23-16132 <br><br> D.C. Nos. <br> 2:21-cv-01173-JCM-EJY <br> 2:22-cv-00740-JCM-EJY <br><br><br> ORDER |
| WEALTHY INC.; DALE BUCZKOWSKI, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SPENCER CORNELIA; et al., <br><br> Defendants - Appellees, <br><br> and <br><br> OPTIMIZED LIFESTYLE LLC; et al., <br><br> Defendants. | No. 23-3227 <br><br> D.C. Nos. <br> 2:21-cv-01173-JCM-EJY <br> 2:22-cv-00740-JCM-EJY |

| | |
|---|---|
| WEALTHY INC.; DALE BUCZKOWSKI,<br><br>Plaintiffs - Appellees,<br><br>  v.<br><br>SPENCER CORNELIA; et al.,<br><br>Defendants - Appellants,<br><br>and<br><br>JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC,<br><br>Defendants. | No. 23-3390<br><br>D.C. Nos.<br>2:21-cv-01173-JCM-EJY<br>2:22-cv-00740-JCM-EJY |
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs - Appellants,<br><br>  v.<br><br>SPENCER CORNELIA; et al.,<br><br>Defendants - Appellees. | No. 24-159<br><br>D.C. No.<br>2:21-cv-01173-JCM-EJY |

Before: PAEZ and OWENS, Circuit Judges, and SEEBORG, Chief District Judge.[**]

The Memorandum Disposition filed on December 30, 2025, is withdrawn

---

[**] The Honorable Richard Seeborg, United States Chief District Judge for the Northern District of California, sitting by designation.

23-3227

and replaced with a superseding Memorandum Disposition filed concurrently with this order. With this superseding disposition, the panel unanimously voted to deny the Petition for Rehearing.

The Petition for Rehearing/En Banc by Appellee Spencer Cornelia, et al., filed January 8, 2026, is DENIED. No future petitions for rehearing or rehearing en banc will be entertained.

23-3227

**FILED**

**NOT FOR PUBLICATION**

FEB 25 2026

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEALTHY, INC.; DALE BUCZKOWSKI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JOHN MULVEHILL; JOHN ANTHONY LIFESTYLE, LLC, <br><br> Defendants-Appellees, <br><br> and <br><br> SPENCER CORNELIA; CORNELIA MEDIA, LLC; CORNELIA EDUCATION, LLC; OPTIMIZED LIFESTYLE, LLC, <br><br> Defendants. | No.   23-16132 <br><br> D.C. Nos. <br> 2:21-cv-01173-JCM-EJY <br> 2:22-cv-00740-JCM-EJY <br><br><br> MEMORANDUM[*] |
| WEALTHY INC.; DALE BUCZKOWSKI, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SPENCER CORNELIA; CORNELIA MEDIA, LLC; CORNELIA EDUCATION LLC, | No. 23-3227 <br><br> D.C. Nos. <br> 2:21-cv-01173-JCM-EJY <br> 2:22-cv-00740-JCM-EJY |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

4

Defendants - Appellees,

and

OPTIMIZED LIFESTYLE LLC, JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC,

Defendants.

| | |
|---|---|
| WEALTHY INC.; DALE BUCZKOWSKI, | No. 23-3390 |
| Plaintiffs - Appellees, | D.C. Nos. 2:21-cv-01173-JCM-EJY 2:22-cv-00740-JCM-EJY |
| v. | |
| SPENCER CORNELIA; CORNELIA MEDIA, LLC; CORNELIA EDUCATION LLC, | |
| Defendants - Appellants, | |
| and | |
| JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC, | |
| Defendants. | |

| | |
|---|---|
| WEALTHY INC.; DALE BUCZKOWSKI, | No. 24-159 |
| Plaintiffs - Appellants, | D.C. No. 2:21-cv-01173-JCM-EJY |
| v. | |
| SPENCER CORNELIA; CORNELIA MEDIA, LLC; CORNELIA EDUCATION | |

LLC,

        Defendants - Appellees.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 9, 2025
San Francisco, California

Before: PAEZ and OWENS, Circuit Judges, and SEEBORG, Chief District Judge.[**]

Dale Buczkowski and his company Wealthy, Inc. (together, "Plaintiffs") appeal from the district court's dismissal for lack of personal jurisdiction of their claims against John Mulvehill and John Anthony Lifestyle, LLC (together, "*Mulvehill* Defendants"); summary judgment rulings for Spencer Cornelia, Cornelia Media, LLC, and Cornelia Education, LLC (together, "*Cornelia* Defendants"); and award of costs for the *Cornelia* Defendants. The *Cornelia* Defendants appeal from the district court's denial of their Special Motion to Dismiss Pursuant to Nevada Revised Statute § 41.660.

As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

---

[**]    The Honorable Richard Seeborg, United States Chief District Judge for the Northern District of California, sitting by designation.

dismissal for lack of personal jurisdiction, grant of summary judgment, and denial of an anti-SLAPP motion that challenges the factual sufficiency of a claim. *Ayla, LLC v. Alya Skin Pty. Ltd*., 11 F.4th 972, 978 (9th Cir. 2021) (citing *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)); *Desire, LLC v. Manna Textiles, Inc*., 986 F.3d 1253, 1259 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 343 (2021); *Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 923–24 (9th Cir. 2022). We reverse the district court's dismissal of the claims against the *Mulvehill* Defendants, affirm the district court's summary judgment rulings for the *Cornelia* Defendants, and reverse the district court's denial of the *Cornelia* Defendants' Special Motion to Dismiss Pursuant to Nevada Revised Statute § 41.660 ("anti-SLAPP motion").[1]

1. Because the Mulvehill Defendants' motion to dismiss was based on written materials—specifically, interrogatory responses and deposition testimony regarding Buczkowski's state of residence—Plaintiffs "need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citation omitted). " '[W]e may not assume the truth of allegations in a pleading

---

[1] This last issue is not moot. When a movant prevails on a Nevada anti-SLAPP motion, they have the right to mandatory fee shifting, additional discretionary awards, and filing of a separate action for compensatory and punitive damages. Nev. Rev. Stat. § 41.670(1)(a)–(b). This is relief beyond what a grant of summary judgment under Fed. R. Civ. P. 56 provides.

which are contradicted by affidavit,' but we resolve factual disputes in the plaintiff's favor." *Id.* (citations omitted).

To determine whether a defendant has sufficient minimum contacts with the forum state to warrant the court's exercise of specific personal jurisdiction, we conduct a three-part inquiry: (1) the non-resident defendant "must purposefully direct his activities" towards the forum state or "purposefully avail[] himself of the privilege of conducting activities in the forum[;]" (2) the claim must arise out of or relate to the defendant's forum-related contacts; and (3) "the exercise of jurisdiction… must be reasonable." *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.,* 905 F.3d 597, 603 (9th Cir. 2018).

**A. Purposeful Direction**. "For claims sounding in tort," like those brought by Plaintiffs, "we most often employ a purposeful direction analysis." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 751 (9th Cir. 2023) (en banc). Purposeful direction requires satisfaction of the three-factor test derived from *Calder v. Jones*, 465 U.S. 783, 789 (1984): the defendant must "have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citations omitted).

Here, Plaintiffs have satisfied the *Calder* effects test. The parties agree that the first factor is satisfied. As for the second factor, Plaintiffs plausibly allege that

23-3227

Mulvehill made defamatory comments implicating Buczkowski and his company Larson Consulting, registered and domiciled in Nevada, in arrests, money laundering, and other controversial events that allegedly occurred in Nevada. They also plausibly allege that Mulvehill did so with the express intent that the comments would be published on a Nevada-based influencer's YouTube channel and disseminated to worldwide audiences, including those in Nevada. As "differential targeting" of Nevadans is not required, this is a sufficient prima facie showing of jurisdictional facts to satisfy the second *Calder* factor.[2] *See Briskin*, 135 F.4th at 757.

Turning to the third *Calder* factor, the parties dispute whether Buczkowski is a Nevada resident. However, "defamation causes harm to 'the subject of the falsehood' in the state where the defamatory material circulates, whether the subject of the statement resides there or not." *Burri L. PA v. Skurla*, 35 F.4th 1207, 1215 (9th Cir. 2022) (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 776–77 (1984)). Furthermore, while the district court considered the evidence and found that Buczkowski was not a resident of Nevada, it is undisputed that Buczkowski spent at least "several months" in Nevada in 2021 and that Larson Consulting is a Nevada-based business. Accordingly, Plaintiffs have made a prima facie showing

---

[2] The *Mulvehill* Defendants' evidentiary showing does not contradict these allegations, and in this posture, "uncontroverted allegations in the complaint must be taken as true." *See Mavrix Photo*, 647 F.3d at 1223.

that the *Mulvehill* Defendants knew or should have known that their alleged conduct would cause harm in Nevada.

**B. Arising Out of or Relating to.** Plaintiffs' claims arise out of the *Mulvehill* Defendants' purposeful direction of activities toward Nevada, i.e., their statements about Nevada-based events and a Nevada-based business on a Nevada-based influencer's YouTube channel.

**C. Reasonableness.** When the first two minimum contacts prongs are met, the burden shifts to the defendant to " 'present a compelling case' that the exercise of jurisdiction is not reasonable." *Briskin*, 135 F.4th at 761 (citation omitted). Seven factors are considered when determining whether jurisdiction is reasonable. *Id.* While the *Mulvehill* Defendants argue that alternative fora may exist, they have not shown that any other factors render jurisdiction unreasonable. They therefore have not "carried [their] heavy burden of rebutting the strong presumption in favor of jurisdiction." *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Accordingly, we reverse the district court's dismissal of the claims against the *Mulvehill* Defendants for lack of personal jurisdiction and remand to the district court.

2. Clear and convincing evidence of actual malice—a statement made with knowledge of falsity or reckless disregard for the truth—is required to survive summary judgment on defamation and intentional infliction of emotional distress

23-3227

claims regarding limited-purpose public figures. *See New York Times Co. v. Sullivan,* 376 U.S. 254, 279-280 (1964) (defamation); *Hustler Mag., Inc. v. Falwell*, 485 U.S. 46, 56 (1988) (intentional infliction of emotional distress); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974) (limited-purpose public figures). A showing of malice is also required to establish business disparagement under Nevada law, by proving that the defendant published with knowledge of falsity, reckless disregard for the truth, or intent to harm the plaintiff's pecuniary interests. *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 504-05 (Nev. 2009).

Plaintiffs become limited-purpose public figures when they voluntarily inject themselves into a public controversy which predates their conduct for the purpose of influencing the controversy's resolution. *Planet Aid, Inc.*, 44 F.4th at 925.

Here, Plaintiffs are limited-purpose public figures, having voluntarily injected themselves into the public controversy regarding the legitimacy and quality of Plaintiffs' coaching services, which evidence in the record suggests existed at least before December 2020. Plaintiffs have not made the requisite clear and convincing showing that the *Cornelia* Defendants had actual knowledge that their comments were false or acted with reckless disregard as to their falsity. Similarly, Plaintiffs have not made the requisite showing that the *Cornelia*

11

Defendants acted with intent to harm Plaintiffs' pecuniary interests. Accordingly, we affirm the district court's dismissal of the defamation, intentional infliction of emotional distress, and business disparagement claims against the *Cornelia* Defendants.

3. The Lanham Act prohibits misrepresentations in "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). Because none of the videos at issue advertise or promote the *Cornelia* Defendants' products or services, the videos are not commercial speech as a matter of law. We affirm the district court's dismissal of the Lanham Act claims.

4. Finally, there is no evidence that the district court abused its discretion in awarding costs. Accordingly, we affirm the district court's award of costs to the *Cornelia* Defendants.

5. Nevada's anti-SLAPP law presents a two-prong analytical framework. First, movants must show by a preponderance of the evidence that the statements were "based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern[.]" Nev. Rev. Stat. § 41.660(3)(a); *see also Shapiro v. Welt*, 389 P.3d 262, 267 (Nev. 2017). Next, it is the plaintiffs' burden to show "with prima facie evidence a probability of prevailing on the claim," and, if they cannot, the anti-

23-3227

SLAPP motion is granted. Nev. Rev. Stat. § 41.660(3)(b); *see also Shapiro*, 389 P.3d at 267.

**A. Prong One.** As discussed, the *Cornelia* Defendants' statements address the legitimacy and quality of Plaintiffs' coaching services, thus connecting directly to an issue of public concern or interest under the first prong of Nevada's anti-SLAPP analysis. To satisfy the good faith requirement under the same prong, a movant must show by a preponderance of the evidence that the statements were true or made without knowledge of their falsity. Nev. Rev. Stat. § 41.660(3)(a). This is "essentially the same" standard as that for actual malice "only differing in the party with whom the burden of proof lies[.]" *Rosen v. Tarkanian*, 453 P.3d 1220, 1224 (Nev. 2019). As discussed, the record does not show that Cornelia made his statements with knowledge of their falsity. Rather, it shows he reasonably researched and corroborated the statements and testified that he found the sources to be credible and the statements consistent with patterns of behavior engaged in by other influencers and wealth coaches. Accordingly, the *Cornelia* Defendants have satisfied the good faith requirements of Nev. Rev. Stat. § 41.660(3)(a), and the district court erred when it found otherwise.

**B. Prong Two.** The second prong of Nevada's anti-SLAPP analysis is simply "collapsed" into the summary judgment standard under Fed. R. Civ. P. 56 when an anti-SLAPP motion challenges the factual sufficiency of a complaint as it

does here. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018) (discussing California anti-SLAPP law which is substantially similar to that of Nevada).[3] Since, for the reasons discussed, this panel affirms the district court's grant of summary judgment for the *Cornelia* Defendants, the second prong is satisfied. Accordingly, the *Cornelia* Defendants satisfy their burden as to their anti-SLAPP motion, and we reverse the district court's denial and remand to the district court.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**

In Appeal No. 23-3227, Appeal No. 24-159, and Appeal No. 23-3390, the *Cornelia* Defendants shall recover their costs.

In Appeal No. 23-16132, Plaintiffs shall recover their costs.

---

[3] Nevada's and California's anti-SLAPP statutes are similar in structure, purpose, and language and "share a near-identical structure for anti-SLAPP review." *See Coker v. Sassone*, 432 P.3d 746, 749, 749 n.3 (Nev. 2019). *Compare* Nev. Rev. Stat. §§ 41.660, 41.670 (regarding claims based upon a communication in furtherance of the right to petition or free speech in direct connection with an issue of public concern, allowing for special motions to strike and award of attorneys' fees upon prevailing on that motion), *with* Cal. Civ. Proc. Code §§ 425.16(b), 425.16(c) (same). In fact, the Nevada legislature specifically states in its declaration regarding the plaintiff's burden of proof for anti-SLAPP special motions that the standard is the same standard required by California's statute. Nev. Rev. Stat. § 41.665.